## Jose VILLADA–CABRERA; et al., Petitioners,

v.

## Alberto R. GONZALES, Attorney General, Respondent.

### No. 05–77010.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2006.*

Filed July 3, 2006.

Jose Villada–Cabrera, Inglewood, CA, pro se.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Juan Carlos Villada–Garabay, Inglewood, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

### MEMORANDUM \*\*

Respondent's motion for summary disposition in part and motion to dismiss in part are granted. Respondent's motion for summary disposition is granted with regard to petitioner Juan Carlos Villada–Garabay because the questions raised by the petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Accordingly, the petition for review with regard to Juan Carlos Villada–Garabay is denied. *See* 8 U.S.C. § 1229b(b)(1)(D).

Further, we have reviewed the opposition to the motion to dismiss this petition for review for lack of jurisdiction with regard to Jose Villada–Cabrera, and we

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

conclude that petitioner has failed to raise a colorable constitutional claim to invoke our jurisdiction over this petition for review. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's motion to dismiss this petition for review for lack of jurisdiction with regard to petitioner Jose Villada–Cabrera is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in PART and DISMISSED in PART.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition.");

*Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.